IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEATRICE NANETTE CARLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2521 |
| | § | |
| TOMBALL INDEPENDENT SCHOOL DISTRICT, *et al*. | § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.     Background**

This case arises from the Tomball Independent School District's foreclosure actions against Leatrice Nanette Carley in the Texas state courts. The District sued Carley in Montgomery County and Harris County courts in November and December 2017, to foreclose on liens it had levied on Carley's property for delinquent *ad valorem* taxes of $11,000. (Docket Entry No. 16 at 1). While the state actions were pending, Carley, representing herself, filed this federal-court suit, alleging violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* The District moved to dismiss, (Docket Entry No. 5), and Carley amended her complaint to add the District's law firm, Purdue Brandon Fielder Collins & Mott, LLP, as a codefendant, and to allege violations of the First, Fourth, and Fifth Amendments. (Docket Entry No. 13 at 2–4). The defendants then moved to dismiss Carley's amended complaint. (Docket Entry No. 16).

Carley alleges that:

(1)    the District improperly collected *ad valorum* taxes on her property because that tax applies only to firms, companies, and corporations, and not to natural persons.

(2)    the District is a "debt collector" under the Fair Debt Collection Act, sent her tax bills, threatened to impose penalties and interests, and misrepresented the

debt and its own authority to collect the debt, and failed to respond to Carley's debt-validation requests.

(Docket Entries No. 1, 13). Carley alleges that these acts violated the Fair Debt Collection Act, 15 U.S.C. §§ 1692a(6), 1692e, 1692g; and the Federal Trade Commission Act, 15 U.S.C. § 45.

Carley's amended complaint adds allegations that the District also violated :

(1) the First Amendment, by causing financial loss and distress to Carley, her Church, and her Ministry;

(2) the Fourth Amendment, by seizing Carley's property; and

(3) the Fifth Amendment, by taking her property without compensation.

U.S. CONST. AMENDS. I, IV, V; (Docket Entry No. 13 at 2–4). Carley asserts the same claims against the District's law firm, alleging that the firm furthered the District's debt-collection practices. (*Id*. at 7). Carley seeks damages, an injunction to stop the District's debt-collection practices, penalties, attorney's fees, rescission or reformation of unspecified contracts, restitution, and disgorgement. (Docket Entry No. 1 at 5).

The District moves to dismiss on four grounds: (1) the federal court does not have jurisdiction; (2) Carley improperly removed her state lawsuits to federal court; (3) Carley fails to allege plausible claims; and (4) Carley fails to allege constitutional violations because she did not rely on § 1983. (Docket Entry No. 16 at 6–7).

## II. The Applicable Legal Standards

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the

complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741.

**B.     Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a) (2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris*

*v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quoting *Twombly*, 550 U.S. at 558) (internal quotation marks and alteration omitted).

When a plaintiff's complaint fails to state a claim, a court may deny a motion to amend for futility if the amended complaint would fail to state a claim upon which relief could be granted. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prods. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GMBH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012).

## III. Analysis

### A. Subject-Matter Jurisdiction

The District argues that this federal court lacks subject-matter jurisdiction because the case arises from state property and tax law and because Carley did not properly remove. (Docket Entry No. 16 at 3–4). A federal court's jurisdiction is limited by the Constitution and federal statutes. *Pidgeon v. Parker*, 46 F. Supp. 3d 692, 697–98 (S.D. Tex. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and *Willy v. Coastal Corp.,* 503 U.S. 131 (1992)). Whether a cause of action presents a federal question depends on the allegations in the plaintiff's

complaint. *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). Federal-question jurisdiction exists "only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)).

The District alleges that Carley filed a notice of removal with the state court on July 25, 2018. (Docket Entry No. 16 at 2). But no state lawsuit has been removed to the federal court. Instead, Carley initiated this action as a separate lawsuit against the District on July 20, 2018. (*See* Docket Entry No. 1). Because Carley sued the District under a federal statute and the federal Constitution, the court has subject-matter jurisdiction. 28 U.S.C. § 1331. The District's motion to remand and motion to dismiss for lack of jurisdiction are denied.

B.     **The Fair Debt Collection Act Claims**

The District argues that this Act applies only to the collection of consumer debts, not of delinquent *ad valorem* property taxes. (Docket Entry No. 6 at 4). The Fair Debt Collection Act was enacted to "eliminate abusive debt collection practices by collectors." 15 U.S.C. § 1692(e). "For the [Act] to apply, the obligation at issue must qualify as a 'debt.'" *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385 (5th Cir. 2002). The Act defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a *transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added). At a minimum, the Fair Debt Collection Act "contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value." *St. Pierre v. Retrieval–Masters Creditors Bureau, Inc.*, 898 F. 3d 351, 358–59 (3d Cir. 2018) (quoting *Staub v. Harris*, 626 F. 2d 275, 278 (3d Cir. 1980)).

5

An *ad valorem* property tax does not arise from a "transaction." The relationship between the purchaser of products or services and the creditor is different from "the relationship between taxpayer and taxing authority," which "does not encompass that type of pro tanto exchange which the statutory definition envisages." *Id.* at 359 (quotation marks and citations omitted). That is "because tax revenue is a public burden imposed generally upon the inhabitants used for nonpersonal purposes such as prisons, roads, defense, courts, and other government services," and "without reference to peculiar benefits to particular individuals." *Id.* A property tax obligation does not arise from a transaction because it is based on the "fact of ownership." *Id.* at 359–60.

Efforts to collect a delinquent *ad valorem* tax are not covered by the Fair Debt Collection Act. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400–02 (3d Cir. 2000); *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998) (a property tax based on ownership is not a "debt" within the meaning of the Fair Debt Collection Act). The relationship between the property tax obligation and the consumer transaction is simply too "attenuated" for the Act to apply. *See Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 395–96 (5th Cir. 2002) (citing *Pollice* and *Beggs*). Because the Fair Debt Collection Act does not apply to the District's tax-collection practices, Carley fails to state a plausible claim on which relief under the Act could be granted.

Carley's claim is flawed in another way as well. The Fair Debt Collection Act excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C).[1] The District is a state agency; it cannot be a debt collector under the Act. *See Flemings v. City of Dall.*, No. 3:10-cv-1188-N-BH, 2010 WL 3938377, at *2 (N.D. Tex. Aug. 21, 2010) (the Act did not apply to the Dallas County Independent School District).

---

[1] The District raised this argument in its first motion to dismiss Carley's complaint, (Docket Entry No. 5), but it dropped this argument in its amended response to the amended complaint. (Docket Entry No. 16).

6

Carley's complaint fails to state plausible Fair Debt Collection Act claims. The District's motion to dismiss these claims is granted.

### C. The Federal Trade Commission Act Claim

Caley alleges that the District violated § 5(a) of the Federal Trade Commission Act by committing unfair or deceptive practices. 15 U.S.C. § 45(a). This claim fails as a matter of law because § 5(a) does not provide a private cause of action for deceptive practices. *Johnson v. Verrengia*, No. A-17-CA-295-SS, 2017 WL 8181535, at * 1 (W.D. Tex. June 19, 2017). "Rather, '[t]he protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission.'" *Id.* (quoting *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973)); *see also Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988–89 (D.C. Cir. 1973).

The District's motion to dismiss this claim is granted.

### D. Carley's Constitutional Claims

Carley sues the District for violations of the First, Fourth, and Fifth Amendments.[2] The District argues that Carley's constitutional claims fail because she did not invoke § 1983. "Section 1983 provides no substantive rights; rather, it is an enabling statute that allows a plaintiff to bring a claim for the violation of any right protected by the United States Constitution." *Jackson v. Lee College*, No. H-13-1104, 2013 WL 4805059, at *2 (S.D. Tex. Sept. 9, 2013); 42 U.S.C. § 1983; *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). The District relies on a Fifth Circuit decision, *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002), and argues that invoking § 1983 is a substantive requirement, not formality. (Docket Entry No. 16 at 7).

In *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), the Supreme Court held that a district court should not dismiss a plaintiff's constitutional claim with prejudice simply because the

---

[2] On October 15, 2018, Carley amended her complaint again, without asking the court for leave or acquiring the opposing parties' consent, to add claims under the Thirteenth and Fourteenth Amendments. (Docket Entry No. 19). The court does not consider the amended complaint. FED. R. CIV. P. 15(a)(2).

plaintiff's complaint did not expressly refer to § 1983, as long as the plaintiff alleged sufficient facts to show a plausible constitutional claim. *Johnson*, 135 S. Ct. 346, 347. Carley's claims do not fail simply because she did not explicitly invoke § 1983, but on a separate ground. Carley's complaint does not allege sufficient facts to plead a plausible constitutional claim.

Carley's allegations are brief and conclusory:

- [Carley] has a right to religious freedom and the Defendants have infringed on that right through their actions by causing financial loss and distress to Plaintiff, to her Church, and to her Ministry, a direct attack on [Carley's] 1st Amendment protection and a violation of the separation of Church and State.

- The defendants have violated [Carley's] 4th Amendment protections numerous times with threats and coercion, leaving her terrorized for the last 8 years, and violating her 4th Amendment protections.

- The 5th Amendment of the Constitution of the United States guarantees no person shall "be deprived of life, liberty or property without due process of law" and further adds "nor shall private property be taken for public use without just compensation" yet defendants have yet to give [Carley] proper service and have failed to make any offer of compensation for the property they are trying to seize, thus violating [Carley's] 5th Amendment protections.

(Docket Entry No. 13 at 2, 4). These allegations merely recite the Constitution. They are no more than an "unadorned, the-defendant-unlawfully-harmed-me accusation," which cannot survive a Rule 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Norris*, 500 F.3d at 464.

Besides factual insufficiency, the amended complaint is legally insufficient in ways that further amendment could not cure. The First Amendment does not relieve an individual of the obligation to comply with a valid, neutral, and generally applicable law. *Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 135 (5th Cir. 2009); *McCann v. Texas*, No. 3:16-cv-335, 2017 WL 2799867, at *2 (S.D. Tex. June 27, 2017). Carley alleges no facts that could show that the District's tax collection singled out her religious practices. Her amended complaint

8

fails to support an inference that the District's *ad valorem* tax collection did not apply generally and neutrally to all delinquent *ad valorem* taxes. Carley's First Amendment claim fails.

The Fourth Amendment prohibits only unreasonable seizures. *Severance v. Patterson*, 556 F.3d 490, 502 (5th Cir. 2009). Generally, public authorities' condemnation of private property according to fixed rules and regulations is not unreasonable. *Id*. The amended complaint does not plead facts that could show that the alleged "seizure" of Carley's property to enforce the lien to collect delinquent *ad valorem* taxes was unreasonable, so as to violate the Fourth Amendment.

Carley's Fifth Amendment claim also fails because that Amendment applies only to "violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Carley does not allege that the District was as a federal actor. Carley does not allege a violation of the Fourteenth Amendment, but even if she did, the complaint would fail to state a plausible claim for relief. Carley must "first identify a . . . property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Machete Productions, L.L.C. v. Page*, 809 F.3d 281, 290 (5th Cir. 2015) (quotation omitted). Carley does not allege that the defendants deprived her of a property interest; she instead asks the court to enjoin state-court foreclosure proceedings. There is no basis to support Carley's claim that she is entitled to an offer of compensation, and her insufficient-service-of-process allegation is conclusory and contradicted by her admissions that the District has sued her in state court. (Docket Entry No. 1 at 3; Docket Entry No. 13 at 4; Docket Entry No. 16 at 1).

Carley's constitutional claims are dismissed under Rule 12(b)(6).

### E. Injunctive and Equitable Relief

Carley's claims against the District are dismissed. No basis remains to support her requests for injunctive and equitable relief, and these claims are dismissed.

## II. Conclusion

Carley's Fair Debt Collection Act claims are dismissed because the statute does not apply to state authorities' tax collection and because the District is not acting to collect a "debt." Her Federal Trade Commission Act claim fails because there is no private cause of action under § 5(a) of the statute. Carley's constitutional claims fail because she did not allege facts that could state a plausible claim under the First, Fourth, or Fifth Amendments. Carley's claims are dismissed, with prejudice and without leave to amend, because amendment would be futile. A final judgment is separately entered.

SIGNED on November 26, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge