IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEATRICE NANETTE CARLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2521 |
| | § | |
| TOMBALL INDEPENDENT SCHOOL DISTRICT, *et al*. | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING THE PLAINTIFF'S MOTIONS FOR A WRIT OF CORAM NOBIS, REHEARING, AND INJUNCTIVE RELIEF AND DAMAGES

This case arises from the Tomball Independent School District's foreclosure actions against Leatrice Nanette Carley in the Texas state courts. The District sued Carley in Montgomery County and Harris County courts in November and December 2017, to foreclose on liens it had levied on Carley's property for delinquent *ad valorem* taxes of $11,000. (Docket Entry No. 16 at 1). While the state actions were pending, Carley filed this federal-court suit, alleging violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*; the Federal Trade Commission Act, 15 U.S.C. § 45; and the First, Fourth, and Fifth Amendments of the United States Constitution. (Docket Entry Nos. 1, 13).

On November 26, 2018, the court issued a Memorandum and Opinion granting the District's motion to dismiss Carley's claims under Rule 12(b)(6). (Docket Entry No. 23). On the same day, the court entered final judgment. (Docket Entry No. 24). In December 2018, Carley moved for a writ of *coram nobis*, for rehearing, and for injunctive relief and damages. (Docket Entry Nos. 25, 26, 27). The District did not respond. Carley's motions state no basis for the ruling she seeks. The motions are denied for the reasons explained below.

A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person who is no longer in custody and cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241. *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013); *see also United States v. Morgan*, 346 U.S. 502, 507, 510–11 (1954). Because this case does not involve a criminal conviction, a writ of *coram nobis* does not apply. *Morgan*, 346 U.S. at 517 ("Rule 60(b) of the Civil Rules expressly abolishes writs of error coram nobis and prescribes that civil proceedings for attacking a final judgment shall be by motion as provided in the Rules or by an independent action.").

A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636 at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The court has "considerable discretion" in addressing a motion for reconsideration. *Templey*, 367 F.3d at 479. Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Id.*; see also 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted).

Carley's motion for reconsideration repeats the same arguments she raised earlier. The court denies the motion for the reasons already stated in detail in prior rulings. (Docket Entry No. 23).

Because Carley fails to state a plausible claim for relief, her request for injunction and damages is also denied.

SIGNED on January 29, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge